O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. BROOKS,<br><br>        Petitioner,<br><br>    v.<br><br>C. WOFFORD, Warden,<br><br>        Respondent.<br>_____ | Case No. SACV 13-588-DOC (KK)<br><br>**ORDER DENYING MOTION TO AMEND JUDGMENT** |

On August 16, 2014, this Court entered an Order adopting Magistrate Judge Oswald D. Parada's Report and Recommendation to deny habeas relief to Petitioner Steven D. Brooks. See Docket No. 44. In that Order, the Court rejected Petitioner's motion for leave to file a second amended habeas petition, which Petitioner filed after the issuance of the Report and Recommendation, and which appeared to be an intentionally dilatory litigation tactic. Id.

On September 12, 2014, Petitioner filed a motion to amend the August 16, 2014, Order pursuant to Federal Rule of Civil Procedure 59(e). Docket No. 46. Specifically, Petitioner challenges the Court's refusal to allow him to file a second amended petition.

1          "While Rule 59(e) permits a district court to reconsider and amend a
2   previous order, the rule offers an extraordinary remedy, to be used sparingly in the
3   interests of finality and conservation of judicial resources." <u>Caroll v. Nakatani</u>,
4   342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted).
5   "Indeed, a motion for reconsideration should not be granted, absent highly unusual
6   circumstances, unless the district court is presented with newly discovered
7   evidence, committed clear error, or if there is an intervening change in the
8   controlling law." <u>Id.</u> (citation and internal quotation marks omitted).
9          Here, none of the highly unusual circumstances required by Rule 59(e) are
10  present. Petitioner has not established that the Court clearly erred, that new
11  evidence has been discovered, or that there has been an intervening change in the
12  law.
13         Petitioner argues that the Court's denial of leave to file an amended petition
14  was erroneous because leave to amend must be granted unless other litigants would
15  be prejudiced. Docket No. 46, at 2. That argument is simply not true. Leave to
16  amend may be denied for reasons other than prejudice, including undue delay and
17  bad faith, both of which were present in this case. <u>Chudacoff v. Univ. Med. Cntr.
18  of Southern Nev.</u>, 649 F.3d 1143, 1152 (9th Cir. 2011). Petitioner also appears to
19  argue that the appearance of dilatory behavior is only a factor in denying leave to
20  amend in *capital* cases. <u>See</u> Docket No. 46, at 2. None of the cases Petitioner cites
21  support that argument, and the case law is well-settled that dilatory behavior is a
22  factor for the court to consider in all habeas cases, including non-capital cases such
23  as this one. <u>See</u> <u>Anthony v. Cambra</u>, 236 F.3d 568, 577 (9th Cir. 2000).
24  //
25  //
26  //
27  //
28
           Accordingly, Petitioner's motion to amend the August 16, 2014, Order

pursuant to Rule 59(e) is DENIED.

DATED: September 16, 2014 _____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE